The document below is hereby signed.

Signed: July 24, 2019



*S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | Case No. 92-22111 |
| | ) | (Chapter 7) |
| DEAN E. COCHRAN, | ) | (Closed Case in U.S. |
| | ) | Bankruptcy Court for the |
| Debtor. | ) | Northern District of |
| _____ | ) | Illinois) |
| | ) | |
| DEAN E. COCHRAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SOCIAL SECURITY | ) | Adversary Proceeding No. |
| ADMINISTRATION, *et al.*, | ) | 19-10024 |
| | ) | |
| Defendants. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE DISMISSING ADVERSARY
PROCEEDING, QUASHING SUBPOENA, AND ENJOINING FURTHER FILINGS

For the following reasons, this adversary proceeding will be dismissed, the subpoena issued in this adversary proceeding will be quashed, and the plaintiff will be enjoined from filing further papers in this court unless he has first obtained leave of this court to file such papers.

This court lacks subject matter jurisdiction over this adversary proceeding. The complaint in this adversary proceeding

fails to comply with Fed. R. Civ. P. 8(a)(1), made applicable under Fed. R. Bankr. P. 7008, by failing to set forth a short and plain statement of the grounds for the court's jurisdiction.  The complaint also fails to set forth any facts showing that this court has subject matter jurisdiction over this proceeding pursuant to the statute governing subject matter jurisdiction over civil proceedings in this court, 28 U.S.C. § 1334(b).  That statute confers jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."  The plaintiff's claims, to recover monies from the Social Security Administration, do not arise under the Bankruptcy Code, and, as discussed below, did not arise in a bankruptcy case, and are not related to any pending bankruptcy case.

The *Adversary Proceeding Cover Sheet* lists this adversary proceeding as arising in the debtor's bankruptcy case, *In re Dean E. Cochran*, Case No. 92-22111, filed in 1992 in the United States Bankruptcy Court for the Northern District of Illinois.  However, that case was a case under chapter 7 of the Bankruptcy Code, not a reorganization case, was closed in 1994, and has not been reopened.  The plaintiff's claims are unclear, but it appears that he applied for SSI-Disability Benefits in 1993 and asserts that the payments he received did not include required cost of living adjustments.  The allegations of the complaint do not establish that the claims arose prior to the commencement of the

bankruptcy case in 1992, and thus do not establish that the claims were property of the estate in that case under 11 U.S.C. § 541. As non-estate property, the plaintiff's claims against the Social Security Administration have no conceivable impact on the administration of the estate in the bankruptcy case. Accordingly, this adversary proceeding cannot be deemed "related to" that bankruptcy case.[1] *Ostroff v. American Home Mortgage (In re Ostroff)*, 433 B.R. 442, 447 (Bankr. D.D.C. 2010) (discussing *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984)). Nor did the claims "arise in" that Northern District of Illinois bankruptcy case. *Id.* at 447 n.1 and 449 (discussing *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987)).

Moreover, the docket sheet for that bankruptcy case reflects that on December 22, 1998 (Dkt. No. 83), the court in that case ordered "that the Debtor Dean E Cochran, or anyone acting on his behalf, is hereby enjoined from filing any legal documents, in

---

[1] The debtor bears the burden of pleading facts establishing subject matter jurisdiction, and he has not pled facts establishing that the claims at issue are property of the estate. In any event, if the claims *are* property of the estate, the claims do not belong to the debtor and he lacks standing to pursue the claims: only a trustee in the bankruptcy case would have standing to pursue claims of the estate. As noted in *Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 793 (D.C. Cir. 2010), "the trustee is the representative of the estate and retains the sole authority to sue and be sued on its behalf. *See Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004)." Moreover, the plaintiff's pursuit of the claims would violate 11 U.S.C. § 362(a)(3) (as constituting an exercise of control over property of the estate).

the form of a motion, adversary complaint, proof of claim, subpoena, or otherwise, in Bankruptcy Proceeding 92B22111, without first obtaining [sic] leave of Court . . . ."  The plaintiff is relying upon that bankruptcy case as providing subject matter jurisdiction over this proceeding, and the complaint must be treated as one filed in that bankruptcy case.  Without the plaintiff having obtained leave to file this adversary proceeding, he is barred by the order of December 22, 1998, from filing this adversary proceeding.  By reason of the injunction entered in the plaintiff's bankruptcy case in the Northern District of Illinois, the plaintiff is barred from filing in this court any further legal documents purportedly related to that case without having obtained leave of the court.  Accordingly, the court's order dismissing this adversary proceeding will expressly indicate that the plaintiff is enjoined from filing any further legal documents in this court purportedly related to that bankruptcy case without having obtained leave of the court.

For all of these reasons, an order follows dismissing this adversary proceeding, quashing the subpoena attached to the complaint, and enjoining further filings in this court purportedly related to that bankruptcy case without having obtained leave of the court (but that injunction will not apply to motions under Fed. R. Bankr. P. 9023 or 9024 regarding the

order, or a notice of appeal concerning the order or documents relating to such a notice of appeal).

[Signed and dated above.]

Copies to:

Director - Elizabeth A. Belinsky
Phila. Regional Financial Center
P.O. Box 51317
Philadelphia, PA 19115-6317

SOCIAL SECURITY ADMINISTRATION
Michael J. Astrue, Commissioner
Altmeyer Building
6401 Security Blvd.
Baltimore, Maryland 21235

SOCIAL SECURITY ADMINISTRATION
Wilkes Barre Data Operations Center
P.O. Box 8500
Wilkes Barre, PA 18702-8500

Social Security Administration
Attn: Jerome Carroll - Off. Supervisor
      Michael Costello - Off. Supervisor
1300 D Street, SW
Washington, DC 20224

United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530

| Dean E. Cochran | Dean E. Cochran |
|---|---|
| 9335 South Merrill Ave. | 9229 Potomac School Drive |
| Chicago, IL 60617 | Potomac, MD 20854 |